# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY V. WILLIAMS, | CASE NO. 02cv1245-IEG(JFS) |
|---|---|
| Petitioner, | Order Denying Motion to Alter or Amend the Judgment [Doc. No. 25] |
| vs. | |
| ANTHONY LAMARQUE, Warden, | |
| Respondent. | |

Petitioner Anthony Williams has filed a motion to alter or amend the judgment in this case pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.  For the reasons explained below, the Court DENIES Petitioner's motion.

In his original and amended habeas corpus petitions under 28 U.S.C. § 2254, Petitioner argued (1) his 27 year to life sentence violated the Eighth Amendment, (2) his right to due process under the Fourteenth Amendment was violated because he was actually innocent, (3) the prosecution failed to turn over exculpatory evidence also in violation of his right to due process, and (4) he was denied the effective assistance of trial and appellate counsel in violation of the Sixth Amendment.  [Doc. No. 13, p. 1.]  On May 13, 2003, Magistrate Judge James F. Stiven issued a report and recommendation for denial of these claims. [Doc. No. 13.]  On October 24, 2003, the Court overruled Petitioner's objections to the report and recommendation and denied the petition . [Doc. No. 17.]  The Clerk entered judgment on October 29, 2003. [Doc. No. 18.] Petitioner's request for a certificate of appealability was denied.  [Doc. Nos. 18 and 23.]

1     Petitioner now moves the Court under Fed. R. Civ. P. 60(b)(6) to reconsider its final order
2 denying his petition.  Petitioner argues the Court erred in rejecting his claim that his sentence
3 violated the Eighth Amendment's ban on cruel and unusual punishment. Petitioner argues his
4 sentence of 27 years to life under the Three Strikes Law for the crime of vehicle theft is grossly
5 disproportionate.

6     Rule 60(b)(6) permits the Court to grant relief only where "extraordinary circumstances
7 prevented a party from taking timely action to prevent or correct an erroneous judgment." United
8 States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).  The rule is to be
9 "used sparingly as an equitable remedy to prevent manifest injustice." Id.; see also Hamilton v.
10 Newland, 374 F.3d 822, 825 (9th Cir. 2004) (considering use of Rule 60(b)(6) in the context of a
11 petition under 28 U.S.C. § 2254).  Petitioner raised most of the arguments set forth in his current
12 motion in the earlier proceedings, and the Court rejected those arguments.  To the extent Petitioner
13 now raises new arguments, he points to no "extraordinary circumstances" which prevented him
14 from raising such arguments earlier.  Hamilton, 374 F.3d at 825.

15     Therefore, Petitioner's motion for relief from judgment is DENIED.
16     **IT IS SO ORDERED**.

18 **DATED: May 19, 2008**

19                                   _____
                                      **IRMA E. GONZALEZ, Chief Judge**
20                                       **United States District Court**